*319 OPINION OF THE COURT
Stephen A. Knopf, J.
The respondent Deleon Davis has filed a motion with this court, seeking an order of this court granting summary judgment pursuant to CPLR 3212 and dismissing this Mental Hygiene Law article 10 petition which seeks civil management of the respondent. The petitioner opposes this application and to date has not moved to withdraw this petition.
This petition, which was filed by the Attorney General on October 31, 2007, is based upon the respondent’s conviction, by guilty plea on December 13, 2004, of the crime of attempted robbery in the third degree (Penal Law §§ 110.00, 160.05). On January 24, 2005, the respondent was sentenced, as a second felony offender, to an indeterminate sentence of IV2 to 3 years’ incarceration.
Attempted robbery in the third degree is a “designated felony.” (See Mental Hygiene Law § 10.03 [f].) Such felony was committed by the respondent prior to the effective date of Mental Hygiene Law article 10, to wit: April 13, 2007. It has been petitioner’s claim that such felony was a sexually motivated designated felony. (See Mental Hygiene Law § 10.03 [s].) Pursuant to statute, a psychiatrist employed by the New York State Office of Mental Heath, Dr. Erika Frances, conducted a psychiatric review of respondent. It was the determination of Dr. Frances that respondent suffers from a “mental abnormality” (see Mental Hygiene Law § 10.03 [i]). It was the finding of the case review team of the New York State Office of Mental Health that the respondent is a sex offender requiring civil management.
On January 23, 2008, a probable cause hearing was conducted by this court. Dr. Frances testified at this hearing. On February 22, 2008, this court rendered a decision, finding that there was probable cause to believe that respondent is a sex offender requiring civil management.
Following the probable cause hearing, this court issued orders authorizing the petitioner and respondent to secure psychiatric examinations of the respondent in preparation for trial pursuant to Mental Hygiene Law § 10.06 (d) and (e). Pursuant to Mental Hygiene Law § 10.06 (d) petitioner engaged Lawrence A. Siegel, M.D., a forensic psychiatrist, to evaluate respondent. Dr. Siegel rendered a written report that concluded that the respondent does not suffer from a mental abnormality. Pursuant to Mental Hygiene Law § 10.06 (e) respondent engaged Dr. Leo *320 nard Bard, a licensed psychologist. Dr. Bard rendered a written report that concluded that respondent does not suffer from a mental abnormality.
This court notes that in reviewing the motion papers submitted by the parties, in his last written submission, dated October 8, 2008, petitioner’s attorney advised this court that he spoke with Dr. Frances on October 3, 2008. She informed petitioner’s attorney that “if she were to testify at a trial, she would testify in substance that there is not enough evidence to conclude to a reasonable degree of professional certainty that the Respondent has a mental abnormality as defined by Article 10 of the Mental Hygiene Law.” In that submission, petitioner’s attorney concluded: “I do not know what our next step will be. When I do know, I will inform the Court as soon as possible.” To date, this court has not been informed that, indeed, the petitioner has made any determination that this proceeding, as a matter of law, must be dismissed.
The procedure whereby a party may move for summary judgment is governed by CPLR 3212 which provides, in pertinent part, that:
“(a) Time, kind of action. Any party may move for summary judgment in any action, after issue has been joined; . . .
“(b) . . . The motion shall be granted if, upon all the papers and proof submitted, the . . . defense shall be established sufficiently to warrant the court as a matter of law in directing judgment. . . .”
It is clear that summary judgment is appropriate where “the movant establishes] his . . . defense ‘sufficiently to warrant the court as a matter of law in directing judgment’ in his favor” (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). “The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case” (Wertheimer v Paley, 137 AD2d 680, 681 [2d Dept 1988]). The burden falls to the opponent of the motion, petitioner herein, to submit admissible evidence that there is in fact a triable issue of fact remaining. “[Wlhere the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action” (Zuckerman at 560).
The petitioner’s attorney argued, in his initial response to this motion, that the sworn testimony of Dr. Frances, in which *321 she concluded that the respondent suffers from a mental abnormality, as defined by article 10, raises a question of fact for the jury to decide. It was further argued that a jury may conclude that the finding of Dr. Frances is more persuasive than the findings of Dr. Siegel or Dr. Bard. (However, this argument was made before the disclosure by petitioner’s attorney that Dr. Frances had now, in essence, withdrawn her previous finding that respondent suffers from a mental abnormality.)
The petitioner’s attorney contends, using apparent reverse logic, that in an article 10 case, it is clear that even were both the respondent’s expert and a petitioner’s expert to conclude that respondent, in fact, suffers from a mental abnormality, it would be inappropriate for a trial court to grant summary judgment and that the granting of such relief would create a dangerous precedent. In fact, were these the facts present herein, this court would find that such a resolution of the case in petitioner’s favor via summary judgment is without legal foundation whatsoever. It is for the factfinder, to wit: the jury, to determine whether or not it has been proven by clear and convincing evidence that respondent suffers from a mental abnormality.
In searching for guidance on this issue, this court has examined the applicable Pattern Jury Instructions, as well as the caveats provided. This court notes that Caveat 2 of the Comment in NY PJI 8:8 specifically provides that:
“The jury should not be told, either by the lawyers or the court, that the court has previously found ‘probable cause to believe that the respondent is a sex offender requiring civil management,’ see Mental Hygiene Law § 10.06(g). Further, the jury should not be told about any of the following pretrial determinations: (1) the determination by the ‘multidisciplinary committee’ designated by the Commissioner of Mental Health or the Commissioner of Mental Retardation and Developmental Disabilities that the respondent was a person who should be referred to a case review team for evaluation, see § 10.05(d); (2) the finding of the ‘case review team’ that the respondent is a ‘sex offender requiring civil management,’ see § 10.05(e); (3) the finding of the psychiatric examiner, if any, that the respondent has a ‘mental abnormality,’ see § 10.05(g); (4) the finding of the ‘case review team,’ if any, that the respondent was convicted of a ‘designated felony’ before April 13, 2007 that was *322 ‘sexually motivated,’ see § 10.05(g); and (5) the determination by the Attorney General, if any, that ‘the protection of public safety’ required that the respondent be detained pursuant to a ‘securing petition’ in advance of a probable cause hearing, see § 10.06(f).”
This court concludes that the submission of Dr. Frances’ report or her testimony at this stage of the article 10 proceeding is prohibited. As such, the preliminary assessment by Dr. Frances (a finding that was indeed earlier argued in court by petitioner’s attorney to be maybe stale by the time of trial), could never lawfully be presented at a trial of this matter. Furthermore, as noted previously, this expert has now in fact determined that there is not enough evidence to conclude that the respondent suffers from a mental abnormality as defined by article 10 of the Mental Hygiene Law.
Accordingly, based on the opinions of all of the experts associated with this case, this court finds it would indeed be a shocking and dangerous precedent to determine at this time that there is actually a triable issue of fact regarding whether or not the respondent suffers from a mental abnormality within the meaning of the article 10 statute. In sum, based on the motion papers submitted by the parties, all delineating that of the three experts presented by the parties, not one could conclude to a reasonable degree of professional certainty that the respondent had a mental abnormality as defined by article 10 of the Mental Hygiene Law, this court finds that it would be impossible for the petitioner to present a prima facie case to a jury that would survive a trial order of dismissal. In this case, where a finding of mental abnormality by the jury would, of necessity, have to be supported by expert testimony presented at trial, there is simply no expert testimony to support such a finding by the jury. As such, the respondent’s application for an order of this court granting summary judgment pursuant to CPLR 3212 and dismissing the petition is granted.